COOLEY LLP
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
MORGAN E. LEWIS (322205)
(melewis@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JACQUELINE JACKSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Case No. 5:24-cv-00812-PCP

**DEFENDANT LINKEDIN CORPORATION'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF LINKEDIN'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Hearing Date: June 6, 2024
Time: 10:00 a.m.
Dept: Courtroom 8, 4th Floor
Judge: P. Casey Pitts
Trial Date: TBD
Date Action Filed: February 9, 2024

## I. DOCUMENTS SUBJECT TO THIS REQUEST

Pursuant to Rule 201 of the Federal Rules of Evidence and related authority, Defendant LinkedIn Corporation ("LinkedIn") hereby respectfully requests that the Court deem the following documents (attached as Exhibits B, C, D, and E to the Declaration of Aarti Reddy ("Reddy Decl.")) incorporated by reference into Plaintiff's Class Action Complaint ("Complaint" ECF No. 1 ("Compl.")) and/or take judicial notice of these documents in conjunction with LinkedIn's concurrently filed Motion to Dismiss the Class Action Complaint:

- Exhibit B: The operative version of LinkedIn's Ads Agreement that was last updated on June 1, 2023 and that applied to the Department of Motor Vehicles ("DMV")'s conduct at the time of the filing of Plaintiff's Complaint. This document is publicly available at https://www.linkedin.com/legal/sas-terms.[1]
- Exhibit C: A webpage from LinkedIn's website titled "Insight Tag," cited and quoted in the Complaint, and publicly available at https://business.linkedin.com/marketing-solutions/insight-tag and relied upon in Plaintiff's Complaint.
- Exhibit D: A webpage from the DMV's website titled "Disabled Person Parking Placards & Plates," publicly available at https://www.dmv.ca.gov/portal/vehicle-registration/license-plates-decals-and-placards/disabled-person-parking-placards-plates/.
- Exhibit E: An online PDF form titled "Application for Disabled Person Placard or Plates," publicly available via a hyperlink pictured in Plaintiff's Complaint. (Compl. ¶ 51.)

## II. INTRODUCTION

Plaintiff Jacqueline Jackson claims that LinkedIn used its web pixel ("Insight Tag") to intercept "personal information from her motor vehicle record" while she renewed her disability parking placard on the DMV's website. (Compl. ¶ 7.) LinkedIn hereby asks the Court to consider publicly-available documents that are central to Plaintiff's claims, including a copy of the disability parking placard application, a webpage from the DMV's website describing the parking placard that Plaintiff sought, and a portion of LinkedIn's website describing the Insight Tag that Plaintiff

[1] This document is also attached as Exhibit B to the Declaration of Edward Castaño in support of LinkedIn's Motion to Dismiss Plaintiff's Class Action Complaint.

herself repeatedly relies on in her FAC. Likewise, LinkedIn also seeks judicial notice of its Ads Agreement, a publicly-available agreement that governed its relationship with the DMV and that notified the DMV that it was precluded from sharing sensitive data with LinkedIn via the Insight Tag. Each of these documents is either incorporated by reference or is the proper subject of judicial notice, and the Court should consider them for the reasons set forth below.

## III. LEGAL STANDARD

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

At the Rule 12(b)(6) stage, a District Court may incorporate by reference and thus consider any "documents whose contents are alleged in a complaint and whose authenticity no party questions," regardless of whether the plaintiff attached the document to its pleading. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005)). The Ninth Circuit has held that "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotations omitted). In these circumstances, a defendant may offer a document incorporated by reference and the district court may treat it as part of the complaint, and thus "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (internal citation omitted).

Furthermore, a court ruling on a motion to dismiss may grant judicial notice for facts generally known within the jurisdiction of the trial court or which "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" such that they are "not subject to reasonable dispute." Fed. R. Evid. 201(b)(2); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (same). Where the party seeking judicial notice provides the court with a copy of the relevant webpage, "websites and their contents may be proper subjects for

judicial notice" as a "general matter[.]" *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (citation omitted). Accordingly, courts in this District have routinely taken judicial notice of webpages on the websites of private entities. *See, e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking notice of defendant Google's webpages because they "appear[ed] on publicly available websites and [were] thus proper subjects for judicial notice").

## IV. ARGUMENT

### A. The Complaint Incorporates Exhibits C and E by Reference.

As set forth below, Exhibits C and E fit squarely within the bounds of the Ninth Circuit's binding incorporation by reference doctrine. *See, e.g.*, *Davis*, 691 F.3d at 1152; *Marder*, 450 F.3d at 448; *Knievel,* 393 F.3d at 1076.

***Exhibit C.*** Plaintiff could not dispute the authenticity of this document, which is a webpage on LinkedIn's website titled "Insight Tag" that is currently accessible on LinkedIn's website. (Reddy Decl. ¶ 3.) Not only does Plaintiff cite this webpage in her Complaint, (Compl. ¶ 27 nn. 17-18), she also quotes directly from it—though she obscures this fact by surreptitiously omitting the citation. (*Compare* Compl. ¶ 28 ("LinkedIn 'recommend[s] using the JavaScript-based Insight Tag or Conversions API . . .'") (providing no citation for this quote)); LinkedIn.com, "Insight Tag," https://business.linkedin.com/marketing-solutions/insight-tag ("We 'recommend using the JavaScript-based Insight Tag or Conversions API . . .'"). Plaintiff also relies on information from this same webpage to allege additional facts regarding the Insight Tag, again without citation. (Compl. ¶ 28 (describing, without citation, the mechanics of the Insight Tag with respect to first versus third party cookie tracking)); LinkedIn.com, "Insight Tag," https://business.linkedin.com/marketing-solutions/insight-tag (explaining that Insight Tag "Allows you to utilize both third party and first party cookie settings to track conversions"). As these aforementioned paragraphs illustrate, this webpage is one of the primary sources of information that Plaintiff uses to describe the challenged technology. Therefore, in addition to being unquestionably authentic and referred to repeatedly in Plaintiff's Complaint, the "Insight Tag"

webpage also provides facts central to Plaintiff's claims.

***Exhibit E***, a PDF version of the "Application for Disabled Person Placard or Plates," is likewise incorporated by reference in Plaintiff's Complaint. While Plaintiff attempts to gerrymander the hyperlink to this document out of her pleading, a portion of that link is present at paragraph 51.[2] In any case, Plaintiff's application for a disabled parking permit is a centerpiece of her pleading. The gravamen of Plaintiff's allegations here is that LinkedIn improperly intercepted her communications with the DMV ***while she "renewed her disability placard card online"*** and learned sensitive information ***"in connection with her disability placard application and renewal."*** (Compl. ¶¶ 6-7 (emphases added).) Indeed, she refers to the application itself no fewer than nine times throughout her Complaint. (Reddy Decl. ¶ 5). That Plaintiff does not specifically include a citation to the application each time she refers to it is of no moment, as it is settled law that incorporation by reference prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Further, the contents of the disability placard application form underly Plaintiff's allegation that "LinkedIn obtains . . . disability information from individuals' motor vehicle records," which are central to her claim that LinkedIn has engaged in conduct that violates the Drivers Privacy Protection Act ("DPPA"). (Compl. ¶ 60.) This Exhibit therefore forms the basis of her DPPA claim. Finally, Plaintiff has no reasonable basis to challenge this document's authenticity, as it remains available on the DMV's website. (Reddy Decl. ¶ 5). Accordingly, the Court should consider this document incorporated by reference as well.

### B. Exhibits B, D, and E Are Each Judicially Noticeable.

Exhibits B, D, and E are the proper subject of judicial notice because they are each publicly available and otherwise capable of "accurate[] and read[y] determination" by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Specifically, each of

[2] A portion of the hyperlink to this document is presented in the second screenshot depicted in Paragraph 51 of the Complaint, which states "Complete an Application for Disabled Person Placard or Plates." (Compl. ¶ 51; Reddy Decl. ¶ 5).

these exhibits are publicly available webpages on either LinkedIn's or the DMV's website, and it is well-established that "[w]ebsites and their contents may [] be proper subjects for judicial notice." *Garcia v. Best W. Norwalk Inn, LLC*, 2021 WL 4260406, at *2 (C.D. Cal. June 14, 2021). "Courts in this district have found that in general, websites and their contents may be judicially noticed." *Pac. Overlander, LLC v. Kauai Overlander*, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018); *see also Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204, 1210 n.7 (9th Cir. 2017) (taking judicial notice of a policy on a publicly-accessible website); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of a list of vendors on a publicly-accessible website); *In re Toll Roads Litig*., 2018 WL 6131178, at *2 (C.D. Cal. Jan. 12, 2018) (noting that "[c]ourts may take judicial notice of publicly available policies" on websites). These documents are likewise indisputably authentic, as LinkedIn has not only provided direct hyperlinks but attached screen captures of each. *See Threshold Enters., Inc*, 445 F. Supp. 3d at 145 (taking judicial notice of "screenshots and printouts of websites of the parties and other third parties not involved in this lawsuit"); *Garcia*, 2021 WL 4260406, at *2.

Finally, LinkedIn does not offer any of these documents for the truth of the matter asserted therein. *See Pac. Overlander, LLC*, 2018 WL 3821070, at *2 (taking judicial notice of defendant's website, printouts of its Instagram account, and printouts of its Google reviews in copyright and trademark infringement suit "not for the truth of the contents therein" but to inform Court's jurisdiction analysis). ***Exhibit D*** is a webpage from the DMV's website that describes the privileges associated with a disability placard and ***Exhibit E*** is a copy of the application itself. LinkedIn relies on these exhibits for the sole purpose of describing the DMV's public statements regarding disability placard, including its stated position that the placard relates solely to parking privileges. Motion to Dismiss at 15. Likewise, LinkedIn does not offer ***Exhibit B***, the LinkedIn Ads Agreement, to show the truth of the matter asserted therein, but only to show notice—*i.e.*, that LinkedIn notified the DMV and all its advertisers that they should not personal or sensitive information with it via the Insight Tag. Motion to Dismiss at 4, 8, 14 n.9. Accordingly, the Court should take judicial notice of Exhibits B, D, and E.

## V. CONCLUSION

For these reasons, LinkedIn requests that the Court consider Exhibits C and E incorporated by reference into the Complaint and that the Court take judicial notice or Exhibits B, D, and E.

Dated: April 9, 2024

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorney for Defendant
LINKEDIN CORPORATION

300618950