Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JACQUELINE JACKSON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

LINKEDIN CORPORATION,

Defendant.

**CASE NO. 5:24-cv-00812-PCP**

**PLAINTIFF'S OPPOSITION TO DEFENDANT LINKEDIN CORPORATION'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

**DATE:** **June 6, 2024**
**TIME:** **10:00 a.m.**
**DEPT.:** **Courtroom 8, 4th Floor**

Hon. P. Casey Pitts

## I. INTRODUCTION

LinkedIn filed a motion to dismiss Plaintiff's Complaint arguing that (1) Plaintiff failed to join the DMV as a required party under Rule 19, and (2) failed to state a claim under Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, *et seq.*, and the California Invasion of Privacy Act ("CIPA"). In support of its argument that Plaintiff failed to state a claim,[1] LinkedIn filed a Request for Judicial Notice and Incorporation by Reference ("RFJN") asking the Court to permit it to rely on four documents in support: two webpages authored by LinkedIn, and two webpages from the California Department of Motor Vehicles' ("DMV") website. *See* Exhibits B-E to Declaration of Aarti Reddy ("Reddy Decl."), ECF No. 22.

As an initial matter, LinkedIn's RFJN runs afoul of binding Ninth Circuit precedent that curtails the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" for leading to "unintended and harmful results." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). Moreover, LinkedIn fails to carry its burden that the documents at issue may be incorporated or judicially noticed, and impermissibly uses the four documents "to present [its] own version of the facts at the pleading stage." *Id.* at 999. Plaintiff respectfully requests that the Court deny LinkedIn's RFJN.

## II. BACKGROUND

As described in detail in Plaintiff's opposition to LinkedIn's motion to dismiss, Plaintiff filed this proposed class action on behalf of all LinkedIn members who visited the DMV website to apply for, renew, or check the status of a disability placard. Unbeknownst to Plaintiff and Class Members, when they visited the DMV website for this purpose, LinkedIn used its "Insight Tag," which was embedded on the DMV website, to unlawfully obtain their protected personal information and to learn the contents of their communications with the DMV about their disability, then used that information for unlawful purposes. Plaintiff alleges that LinkedIn violated the DPPA and CIPA. For these violations, she seeks damages and injunctive relief.

[1] The Court is permitted to consider matters outside the Complaint for purposes of joinder. *White v. Univ. of Cal.*, 2012 WL 12335354, at *5 (N.D. Cal. Oct. 9, 2012), *aff'd*, 765 F.3d 1010 (9th Cir. 2014).

## III. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion.'" *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1065 (N.D. Cal. 2018) (citation omitted). The exceptions to this general rule are incorporation by reference and judicial notice. Although LinkedIn uses these doctrines interchangeably and without precision, they are different.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citation omitted); *see also Finkelstein*, 325 F. Supp. 3d at 1066 ("The purpose of the incorporation by reference doctrine is to prevent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting documents in their complaint."). "[T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003.

In contrast, judicial notice arises from Fed. R. Evid. 201(b), which provides, in relevant part: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may not make "disputed factual inferences from judicially noticeable facts[,]" *In re Mora*, 199 F.3d 1024, 1026 n.3 (9th Cir. 1999), and should not "consider documents outside the complaint 'only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *G.N. v. Life Ins. Co. of N. Am.*, No. 20-cv-08907-HSG, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021).

## IV. ARGUMENT

### A. Plaintiff's Complaint does not incorporate by reference Exhibits C or E to the Reddy Declaration because it does not refer to Exhibit C extensively and does not refer to Exhibit E at all.

LinkedIn first asks the Court to deem Reddy Declaration Exhibit C (ECF No. 22-2) incorporated by reference, which is a webpage from LinkedIn's website titled "Insight Tag."

LinkedIn argues that Plaintiff quotes directly from this webpage in her Complaint and relies on information from it, rendering it "one of the primary sources of information" Plaintiff uses to describe the Insight Tag. "In theory, a reference may be sufficiently 'extensive' if a single reference is relatively lengthy." *Khoja*, 899 F.3d at 1003. However, in this case, as in *Khoja*, only a few lines of this webpage are quoted in a relatively lengthy complaint and convey "only basic historical facts." *Id*.

Specifically, Plaintiff quotes from this webpage in two paragraphs in her 115-paragraph Complaint, both of which describe LinkedIn's representations regarding the Insight Tag in basic, factual terms. *See* Compl. ¶ 27 (the Insight Tag "is '[a] simple code snippet added to [a] website [that] can help you optimize your campaigns, retarget your website visitors, and learn more about your audiences.' LinkedIn emphasizes that the Pixel is 'simple and easy' to install. LinkedIn further represents that the Pixel 'enable[s] in-depth campaign reporting' and can 'unlock valuable insights about your website visitors.'"); ¶ 28 ("LinkedIn 'recommend[s] using the JavaScript-based Insight Tag or Conversions API' because third-party cookie settings are being deprecated across the industry."). These references are not sufficiently extensive to incorporate the entire webpage by reference into the Complaint.

LinkedIn next asks this Court to deem Reddy Declaration Exhibit E (ECF No. 22-5) incorporated by reference, which is a pdf of DMV Form Reg 195-Application for Disabled Person Placard or Plates ("Form 195"). LinkedIn begins by misrepresenting that Plaintiff "attempts to gerrymander the hyperlink to this document out of her pleading," because the screenshot in paragraph 51 of the Complaint cuts off part of a hyperlink. RFJN at 5. But paragraph 51 of the Complaint is not addressing or referring to the contents of that hyperlink. *See* Compl. ¶ 51. Instead, and as demonstrated by the red box framing the "Start Application" button on the website, Plaintiff is referring to the *online application process and forms* that are reflected, in part, in the screenshots in paragraph 53 of the Complaint, not the online PDF Form 195 reflected in Exhibit E. *Compare* Compl. ¶ 53 with Reddy Decl. Ex. E. Therefore, the fact that "a portion of [the hyperlink] to this document is present" in one of the screenshots in paragraph 51 is irrelevant because Plaintiff's Complaint never refers to or cites Form 195.

LinkedIn also argues that Plaintiff repeatedly refers to the “application” when she alleges that LinkedIn improperly intercepted her communications during her renewal application for her disability placard. *See* RFJN at 5. LinkedIn’s argument ignores that *all* of Plaintiff’s allegations, including the screenshots that provided as examples in paragraph 53, refer to the online application process, not on Form 195 itself. *See, e.g.*, Compl. ¶¶ 49-59.

Finally, LinkedIn claims that “the contents of the disability placard application form underly Plaintiff’s allegation that ‘LinkedIn obtains . . . disability information from individuals’ motor vehicle records’” and, as such, are central to and the basis of Plaintiff’s DPPA claim. *See* RFJN at 5 (citing Compl. ¶ 60). But once again, Plaintiff’s claim is not that LinkedIn obtained her disability information from Form 195. Rather, Plaintiff alleges that LinkedIn obtained her disability information from the DMV during the *online* application and renewal process. Accordingly, the Court should not incorporate Form 195 as though it were part of the Complaint.

**B. Exhibits B, D and E to the Reddy Declaration are not judicially noticeable because LinkedIn offers them for the truth of the matter asserted, and they are irrelevant.**

LinkedIn argues that Exhibits B, D and E to the Reddy Declaration are judicially noticeable because (1) they are publicly available webpages on either LinkedIn’s website or the DMV’s website, and (2) LinkedIn does not offer any of these documents for the truth of the matter asserted therein. Exhibit B is a copy of the purportedly operative LinkedIn Ads Agreement between it and the DMV (ECF No. 22-1); Exhibit D is a printout from the DMV’s website about disabled person parking placards and plates (ECF No. 22-3); and Exhibit E is Form 195, discussed above.[2] These documents are not judicially noticeable under Fed. R. Evid. 201(b).

First, judicial notice is improper as to each of these exhibits because they are all offered for the truth of the matter asserted. LinkedIn claims that it offers Exhibit B merely to show

[2] LinkedIn submitted two versions of the Ads Agreement to the Court, *see* Castaño Decl., ECF No. 20, Exs. A and B, but it only seeks judicial notice of the one currently in effect. *Compare* Reddy Decl. Ex. B (ECF No. 22-1) *with* Castaño Decl. Ex. B (ECF No. 20-2).

"notice" that its advertisers should not share "personal or sensitive information with it via the Insight Tag." RFJN at 6. However, that argument requires the Court to accept the contractual provision it cites as true. Similarly, LinkedIn claims that it cites Exhibit D and E merely to "describe[e] the DMV's public statements regarding [the] disability placard, including its stated position that the placard relates solely to parking privileges." RFJN at 6. However, LinkedIn then uses those "statements" as true to argue that a disability placard does not pertain to an operator's permit, and therefore LinkedIn did not obtain Plaintiff's protected personal information *from a motor vehicle record* pursuant to DPPA. *See* LinkedIn's Motion to Dismiss (ECF 19) at 15.

LinkedIn's reliance on these documents and emphasis on their contents over Plaintiff's factual allegations is an improper attempt to "insert [its] own version of events" at the pleading stage. *Khoja*, 899 F.3d at 1002. In other words, LinkedIn's conduct is merely an attempt to offer its own version of the facts at the pleading stage, which is not permitted. *See Gershzon v. Meta Platforms, Inc.*, No. 23-cv-00083-SI, 2023 WL 5420234, at *9, n.3 (N.D. Cal. Aug. 22, 2023) ("The Court will not consider documents beyond the pleadings and draw inferences from those documents in Meta's favor."). Because the factual inferences or versions of facts that LinkedIn seeks to introduce through these documents are subject to reasonable dispute, they are not appropriate for judicial notice. *See, e.g., In re Mora*, 199 F.3d at 1026 n.3.

Second, with respect to the Ads Agreement attached as Exhibit B, "[f]ederal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents from websites when the sole justification for judicial notice is that the information or documents appear on websites that are created and maintained by a party to the litigation." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015) (citations and internal punctuation omitted). This Court should follow that reasoning, particularly since LinkedIn does not and cannot claim that the Ads Agreement is generally known within the jurisdiction or that it is from a source that cannot be reasonably questioned. Fed. R. Evid. 201(b). The Ads Agreement itself references other agreements between LinkedIn and the contracting party, and it even references the possibility of individualized advertising agreements with LinkedIn. ECF No. 22-1, p. 1. Therefore, the

question of which agreement or agreements the DMV actually had with LinkedIn and the terms thereof is not suitable to resolution at this stage. A document "subject to reasonable dispute" is inappropriate for judicial notice. Fed. R. Evid. 201(b).

Furthermore, the Ads agreement is irrelevant to Plaintiff's claims and, therefore, is not subject to judicial notice. *Blye v. California Supreme Ct.*, No. 11-cv-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, see Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact" to be judicially noticed.). LinkedIn argues that the Ads Agreement demonstrates that advertisers like the DMV were given notice that they should not share "personal or sensitive information with it via the Insight Tag[.]" *See* RFJN at 6. However, whether this is true or not, Plaintiff alleges that LinkedIn obtained and used Plaintiff's personal information through Insight Tag for *LinkedIn's own* advertising purposes, which is the basis of Plaintiff's claims. As such, the question before the Court for purposes of LinkedIn's motion to dismiss is not how LinkedIn obtained that personal information.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to deny LinkedIn's Request for Judicial Notice and Incorporation by Reference.

Date: April 23, 2024

Respectfully submitted,

By: /s/ Roland S. Tellis

Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Classes*