COOLEY LLP
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
MORGAN E. LEWIS (322205)
(melewis@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 5:24-cv-00812-PCP<br><br>**DEFENDANT LINKEDIN'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: June 6, 2024<br>Time: 10:00 a.m.<br>Dept: Courtroom 8, 4th Floor<br>Judge: P. Casey Pitts<br>Trial Date: TBD<br>Date Action Filed: February 9, 2024 |

## I. INTRODUCTION

Plaintiffs' Opposition (ECF No. 26; "RJN Opp") to Defendant LinkedIn Corporation's ("LinkedIn") Request for Judicial Notice and Incorporation by Reference in Support of LinkedIn's Motion to Dismiss Plaintiff's Class Action Complaint ("Request") asks this Court to ignore relevant materials that bear directly on her Opposition to LinkedIn's Motion to Dismiss ("Opposition"). None of Plaintiff's arguments have merit and the Court should reject them.

***First***, Plaintiff contends that Exhibits C and E should not be incorporated by reference, but her arguments mischaracterize the law and the relevant facts. For example, Plaintiff incorrectly asserts that citations to referenced documents must be "lengthy" to qualify for incorporation by reference (untrue). She then asks the Court to disregard the disability parking placard ("DPP") application that is the focus of her pleading, contending that her claims arise from the online application rather than the physical application. This distinction is false and ignores that users ***must complete and upload the physical application as part of completing the online application repeatedly cited in her pleading.***

***Second***, Plaintiff's arguments that Exhibits B, D, and E are not judicially noticeable are similarly unavailing. The linchpin of Plaintiff's RJN Opposition is that LinkedIn relies on these materials for the truth of the matter asserted, but none of her arguments withstand scrutiny. Plaintiff argues, for instance, that LinkedIn cites the Ads Agreement (Exhibit B) to prove the truth of a contractual provision which precludes advertisers from sharing sensitive data with LinkedIn via Insight Tag. But Plaintiff does not on this nonsensical argument or explain how a set of terms of service can be true or false. They cannot be, and LinkedIn offers this document to show that LinkedIn imposed conditions on the DMV's use of the Insight Tag. Plaintiff's other contentions are equally unpersuasive. In the end, Plaintiff cannot refute that courts deciding Rule 12(b)(6) motions to dismiss "must consider [not only] the complaint in its entirety, [but also] other sources courts ordinarily examine . . . [and] in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). This Court may properly consider each of the documents LinkedIn has submitted and grant the Request.

## II. ARGUMENT

### A. Exhibits C and E Are Referenced Extensively in Plaintiff's Pleading and They Are Central to Her Claims.

***Exhibit C (ECF No. 22-2).*** Plaintiff asks this Court to ignore Exhibit C, a webpage from LinkedIn's website titled "Insight Tag." Plaintiff does not challenge this document's authenticity, nor does she contest that she cites this document multiple times in her pleading. RJN Opp. at 3. Instead, she asserts that the Court should find it is not incorporated by reference because those references are not sufficiently "extensive." *Id*. Specifically, Plaintiff contends that "only a few lines of this webpage are quoted in a relatively lengthy complaint and convey 'only basic historical facts.'" *Id.* This is inaccurate. As LinkedIn explained in its Request, not only does Plaintiff quote directly from this webpage to support key factual allegations regarding Insight Tag's functionality, but she also relies on information from this same webpage to allege additional facts regarding the Insight Tag, without citation. RJN at 4 (citing Compl. ¶ 28 in which Plaintiff quotes from this page but does not provide any citation).)

Plaintiff further argues that her multiple references to Exhibit C are too brief and "factual" to bring it within the ambit of the incorporation by reference doctrine. This is nonsense. To the extent Plaintiff claims that these references are insignificant, her own Opposition to LinkedIn's Motion belies that argument, as Plaintiff herself either quotes directly from this exhibit in her Opposition or cites the paragraphs based on this exhibit seven times. *See* Opp. at 14:2; *see also id.* at 2:23, 2:28, 4:10, 14:2, 22:4, 22:16, 25:8. Plaintiff cannot rely on allegations based on this document and simultaneously oppose its inclusion. Considering this exhibit based on incorporation by reference furthers the very purpose of the rule, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." RJN Opp. at 2 (citing *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (internal quotations omitted)).

Plaintiff's only other rejoinder is to cite *Khoja* for the proposition that "a reference may be sufficiently 'extensive' if a single reference is relatively lengthy." RJN Opp. at 3 (quoting *Khoja*, 899 F.3d at 1003). Plaintiff misstates that decision. *Khoja* ***actually*** states that the "extensively"

threshold "ordinarily at least, mean[s] more than once," and suggests that substantial length is sufficient even where a document would otherwise not pass muster because it is referred to ***only once***. There is no rule that requires a citation be lengthy to be incorporated by reference, and Plaintiff cites no other decision applying *Khoja* in the manner she proposes.

Further, Plaintiff ignores entirely that a document may also be incorporated by reference if it forms the basis of the plaintiff's claim, regardless of whether the pleading references it "extensively." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff offers no meaningful rebuttal to LinkedIn's argument on this point, and the Opposition's own reliance on Exhibit C confirms that this document is central to her claims. *See* Opp. at 14:2; *see also id.* at 2:23, 2:28, 4:10, 14:2, 22:4, 22:16, 25:8.

***Exhibit E (ECF No. 22-5).*** Plaintiff bristles at LinkedIn's suggestion that she "attempt[ed] to gerrymander" a PDF of DMV Form, REG 195 - Application for Disabled Person Placard or Plates, out of her complaint. RJN Opp. at 3. However, Plaintiff does not dispute that the hyperlink to the application form is referenced in her pleading and argues, instead, that her complaint "refer[s] to the online application process, not on [sic] Form 195 itself." RJN Opp. at 3-4. Plaintiff's argument is misleading: REG 195 ***is a central part of the very online application process*** that she challenges. Putative class members who visit the DMV's website to apply for a disability parking placard must "complete an application for Disabled Person Placard" "before [they] begin" the online application process. Compl. ¶ 51. While completing the online application, applicants are required to upload "Transaction Documents"—*i.e.*, their REG 195.[1] Exhibit E—whose authenticity Plaintiff does not challenge—is both a central and necessary part of "the online application process" that Plaintiff concedes she "repeatedly refers to." RJN Opp. at 4. It is thus incorporated by reference in her Complaint.

**B. Plaintiff's Objections to Judicial Notice of Exhibits B, D, and E Are Meritless.**

LinkedIn sought judicial notice of three documents (Exhibits B, D, and E), and Plaintiff

[1] *Disabled Person Parking Placard Application*, California Department of Motor Vehicles, https://www.dmv.ca.gov/portal/dmv-virtual-office/dpp-application/; *see also Disabled Person Parking Placard Application Form*, California Department of Motor Vehicles, https://www.dmv.ca.gov/portal/dmv-virtual-office/dpp-application/dpp-application-form/ (click "Transaction Documents.")

opposes that request by arguing, *inter alia*, that Linked improperly seeks to prove the truth of the matters asserted in those Exhibits. Plaintiff is wrong.

***Exhibit B (ECF No. 22-1)*** is a copy of LinkedIn's Ads Agreement governing its relationship with the DMV. Plaintiff attacks LinkedIn's request for judicial notice of this Exhibit on numerous grounds, none of which are persuasive.[2]

***First***, LinkedIn cites the Ads Agreement in its Motion to show that LinkedIn ***tells*** advertisers (including the DMV) not to share sensitive data with the company via Insight Tag. This is a quintessential example of proffering a document to show notice. *See, e.g.*, *Pirani v. Netflix, Inc.*, 2024 WL 69069, at *7 (N.D. Cal. Jan. 5, 2024) (taking judicial notice of documents showing what information the market had notice of in securities action); *Schrader Cellars, LLC v. Roach*, 2023 WL 3898932, at *7 (N.D. Cal. June 8, 2023) ("The Court properly took judicial notice of [pleadings in related litigation] to show . . . when Cellars was placed on notice of Roach's claims."); *Viramontes v. Pfizer, Inc.*, 2015 WL 9319497, at *9 (E.D. Cal. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 704715 (E.D. Cal. Feb. 23, 2016) (ranting judicial notice or report to show when defendants were on notice of content in the report). Plaintiff contends that LinkedIn's argument "requires the Court to accept the contractual provision it cites as true." RJN Opp. at 5. But she does not elaborate on this argument at all—presumably, because it makes no sense. The declarative nature of the language ("You will [] not transfer to LinkedIn . . .") makes it a command, like "You shall obey me," that is neither true nor false. Reddy Decl. Ex. B. § 5; *cf. Universal City Studios LLC v. Otis Elevator Co.*, No. CV 16-1521-DMG, 2016 WL 2642209, at *2 (C.D. Cal. May 9, 2016) ("[C]ommercial documents with independent legal significance, such as . . . contracts, are legally-operative 'verbal acts' which do not constitute hearsay") (granting a request for judicial notice of an operative agreement). LinkedIn does not argue that advertisers never share personal or sensitive information with it, only that it tells advertisers not to do so.

***Second***, Plaintiff further opposes judicial notice of Exhibit B by explaining that Courts "have expressed skepticism" regarding whether to take judicial notice of documents from websites.

[2] Even if the Court declines to take judicial notice of the Ads Agreement, it can consider it in connection with LinkedIn's Rule 19 argument, as Plaintiff concedes. *See* RJN Opp. at n. 1.

In so arguing, Plaintiff cites only a single inapposite case and ignores numerous authorities establishing that courts routinely take judicial notice of information on websites in resolving motions to dismiss.[3] *See, e.g.*, *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (taking judicial notice of a webpage from defendant's website); Request for Judicial Notice, *Threshold Enters. LTD v. Pressed Juicery, Inc.*, No. 19-cv-03716-JSW (N.D. Cal. Jan. 10, 2020), ECF No. 25; *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (taking judicial notice of 274 webpages, including pages created and maintained by the parties); *Veronica Foods Co. v. Ecklin*, No. 16-cv-07223-JCS, 2017 WL 2806706, at *4 (N.D. Cal. June 29, 2017) (taking judicial notice of thirty-six exhibits, including pages from plaintiff's website); *Pac. Overlander, LLC v. Kauai Overlander*, No. 18-cv-2142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) ("[A]s a general matter, websites and their contents may be proper subjects of judicial notice."); *Garcia v. Best W. Norwalk Inn, LLC*, No. CV 21-2025 DSF (JDEx), 2021 WL 4260406, at *2 (C.D. Cal. June 14, 2021); *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 n.7 (9th Cir. 2017) (taking judicial notice of a policy on a publicly-accessible website); *In re Toll Roads Litig.*, No. SACV 16-00202 AG (JCGx), 2018 WL 6131178, at *2 (C.D. Cal. Jan. 12, 2018); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (affirming district court's judicial notice of information available on websites).

***Third***, Plaintiff asks the Court to ignore the Ads Agreement because it "references other agreements between LinkedIn and the contracting party" and "references the possibility of individualized advertising agreements with LinkedIn." RJN Opp. at 5. These arguments have no plausible relevance to LinkedIn's request. To the extent Plaintiff contends that LinkedIn is asking the Court to draw "reasonabl[y] dispute[d]" facts in its favor, ***nowhere does she directly contend that the DMV was not bound by the Ads Agreement***. RJN Opp. at 6. That fact alone distinguishes this case from Plaintiff's few authorities on this point. *Gershzon v. Meta Platforms, Inc.*, No. 23-cv-00082-SI, 2023 WL 5420234, at *9 n.3 (N.D. Cal. Aug. 22, 2023) (declining to consider

[3] Plaintiff's lone authority on this point, *Punian v. Gillette*, does not further her cause. There, the Court declined to take judicial notice of "printouts containing customer reviews" from Defendants' website and an "information sheet" from a separate website. *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *5 (N.D. Cal. Aug. 20, 2015). That is a far cry from a dated contractual agreement on a party's website.

documents on request for judicial notice where defendant asked court to draw inferences in defendant's favor regarding disputed facts, including what "a reasonable person viewing these disclosures would understand that [defendant] collects"); *In re Mora*, 199 F.3d 1024, 1026 n.3 (9th Cir. 1999) (declining to take judicial notice of the fact that "first class mail is generally delivered overnight" when recipient received check).

***Last***, as an afterthought, Plaintiff contends that the Ads Agreement is not relevant to her claims, citing *Blye v. California Supreme Court* in support. That case undermines her position, in that it observes that "the Rules of Evidence do not expressly require a fact to be relevant for it to be judicially noticed." No. CV 11-5046-DWM, 2014 WL 295022 at *1 (N.D. Cal. Jan. 21, 2014).[4] In any case, the Ads Agreement certainly ***is*** relevant to LinkedIn's argument that the DMV is a required party under Rule 19, including because it shows that the DMV has an interest that may be impaired through resolution of the action, and because the Court cannot award LinkedIn complete relief (*i.e.*, contractual indemnity from the DMV), in the DMV's absence. (Mot. at 7-8.) Further, Plaintiff herself cites the Ads Agreement in her Opposition—not merely in response to the arguments for which LinkedIn cites the Ads Agreement, but in support of her own arguments. *See* Opp. at 8 (arguing that LinkedIn has the contractual right to seek indemnity from the DMV). It is not only relevant, but central to Plaintiff's claims and LinkedIn's defenses.

***Exhibits D (ECF No. 22-3) and E (ECF No. 22-5).*** Similarly, LinkedIn offers Exhibits D (a copy of a DMV webpage explaining DPPs) and E (REG 195) to demonstrate what the DMV told members of the public regarding the scope of rights afforded by a disability placard, not to show that the DMV's statements are true. Mot. at 15 ("[T]he DMV ***publicly states*** that disability placards may be used when the recipient is only a passenger, further confirming that they do not pertain to an 'operator's permit'[.]") LinkedIn's argument does not depend on the truth of the matter—that DPP rights ***in fact*** include parking rights. Rather, LinkedIn argues that the Court can and should consider the DMV publicly-stated position that DPP rights ***do not include*** anything beyond parking

[4] *Blye* goes on to state that an "irrelevant fact is not one of consequence in determining the action, and therefore cannot be classified as an adjudicative fact." 2014 WL 295022 at *1 (citing Fed. R. Evid. 401(b)). Rule 401 addresses the test for admissibility of evidence and does not directly bear on whether a document is judicially noticeable.

(and service station) privileges in determining whether those records constitute a motor vehicle record. Thus, this Court may properly take notice of "the fact that the documents contain the referenced content" without "tak[ing] judicial notice of the truth of that content." *Threshold Enters.*, 445 F. Supp. 3d at 146. Notably, Plaintiff does not challenge the authenticity of these materials, nor could she: "It is not uncommon for courts to take judicial notice of factual information found on the world wide web . . . is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of America v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (collecting cases).

## III. CONCLUSION

For each of the foregoing reasons, the Court should find Exhibits C and E incorporated by reference in Plaintiff's Complaint and take judicial notice of Exhibits B, D, and E.

Dated: May 3, 2024

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorney for Defendant
LINKEDIN CORPORATION

302488025