Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JACQUELINE JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | **CASE NO.: 5:24-cv-00812-PCP**<br><br>**PLAINTIFF'S STATEMENT OF RECENT DECISIONS**<br><br>**DATE: June 6, 2024**<br>**TIME: 10:00 a.m.**<br>**DEPT.: Courtroom 8, 4th Floor**<br><br>Hon. P. Casey Pitts |

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiff Jacqueline Jackson submits this Statement of Recent Decisions in connection with Defendant's pending Motion to Dismiss (the "Motion"). *See* ECF No. 19.

On May 28, 2024, following the close of briefing on the Motion, Chief Magistrate Judge for the Northern District of California, Donna M. Ryu, issued an order granting, in part, and denying, in part, a motion to dismiss in *Turner v. Nuance Communications, Inc.*, No. 4:22-cv-05827-DMR, 2022 WL 2750017 (N.D. Cal. May 28, 2024). A copy of the order is attached hereto as Exhibit A.

In *Turner* the plaintiff sued Nuance claiming that it violated multiple prongs of the California Invasion of Privacy Act ("CIPA") when its voice-recognition software recorded and created voice prints of calls with Chase Bank without consumers' knowledge or express written consent. Ex. A at 1-4. Nuance moved to dismiss arguing that it was not a "third-party" to the communications at issue, did not read or learn the "contents" of any communications, and did not "use" the information other than for Chase Bank's benefit. *Id*. at 12-19. The court rejected each argument.

Beginning with the "third-party" argument, the court relied on *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023), and held that Nuance was a third party to the plaintiffs' communications with Chase Bank because Nuance's services were not ubiquitous, and plaintiffs alleged that Nuance had the capability to use the recorded phone conversations for its own purposes. *Id*. at 15. On the issue of the "contents" of the communications, the court held that the allegations that Nuance authenticated consumers by analyzing the substance of their conversations with Chase Bank, including "word choice, grammar, syntax, and other elements across messaging and transcribed voice interactions" were "clearly contents, not just 'characteristics.'" *Id.* at 17-18. Turning to the "use" argument, the court relied on *Valenzuela v. Nationwide Mut. Ins. Co.*, No. 2: 22-cv-06177, -- F. Supp. 3d --, 2023 WL 5266033, at *7 (C.D. Cal. Aug. 14, 2023), and held that "use" for "any purpose" includes Nuance's alleged use of collected information for the benefit of Chase Bank. *Id*. at 18-19.

Additionally, on May 29, 2024, following the close of briefing on the Motion, United States District Court Judge for the Central District of California, Christina A. Snyder, issued an order denying a motion to dismiss in *Rodriguez v. Aquatic Sales Solutions LLC*, No. 2:23-cv-05198-CAS-Ex, 2024 WL 2804097 (C.D. Cal. May 29, 2024). A copy of the order is attached hereto as Exhibit B.

In *Rodriguez*, the plaintiff sued Aquatic Sales Solutions LLC ("Aquatic") for violation CIPA § 631(a) by allowing Zendesk, a software provider, to use embedded software code to eavesdrop on all chat conversations that took place on Aquatic's website. Ex. B at 1-2. The plaintiff alleged that Zendesk used information from the chats for "targeted marketing campaigns." *Id.* at 3. Aquatic moved to dismiss, arguing that it did not aid and abet a violation of section 631(a) because Zendesk was not a third-party eavesdropper, did not intercept communications "in transit", and did not use any intercepted information. *Id*. at 1, 16-21.

Beginning with the third-party argument, the District Court held that Zendesk was "more than the proverbial 'tape recorder' in the hand of the defendant" because "plaintiff allege[d] that Zendesk 'profits from secretly exploiting the chat data through targeted social media advertising' in partnership with Meta." *Id*. at 18-19. Turning to the "in transit" argument, the District Court noted that the plaintiff had plausibly alleged that Zendesk's "secret code enables and allows Zendesk to secretly intercept in real time, eavesdrop upon, and store transcripts of consumers chat communications." *Id*. at 20-21. Finally, the District Court held that the plaintiffs adequately alleged "use" by Zendesk "in any manner, or for any purpose," when they alleged that "Zendesk provides intercepted chat transcripts to Meta through integration for [its own] profit." *Id*. at 21 (internal punctuation omitted).

Date: June 05, 2024

Respectfully submitted,

By: */s/ Roland Tellis*

Roland Tellis (SBN 186269)
rtellis@baronbudd.com

Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd., Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Class*