UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| JACQUELINE JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 24-cv-00812-PCP (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 47 |

Plaintiff Jacqueline Jackson and defendant LinkedIn Corporation ("LinkedIn") ask the Court to resolve a dispute regarding the circumstances under which material designated "Highly Confidential – Attorneys' Eyes Only" under their proposed protective order may be disclosed to an expert. Dkt. No. 47. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

The parties have agreed to request entry of a two-tier protective order that provides for the exchange of discovery material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("HC-AEO").[1] Dkt. No. 47 at 1; Dkt. Nos. 47-1, 47-2. They disagree on one point: whether a receiving party who wishes to share a producing party's "HC-AEO" material with its expert must first identify the expert, provide a copy of the expert's current resume, identify the expert's current employer, and disclose the expert's work during the past 5 years. *See* Dkt. No. 47-1 at 12 (sec. 7.5(a)).

---

[1] They also have agreed that the protective order should include provisions for the exchange of source code designated "Highly Confidential – Source Code," although LinkedIn opposes production of its source code. *See* Dkt. No. 47-1 at 11 (sec. 7.4).

Ms. Jackson contends she will be "severely prejudiced" if required to identify and disclose information about her prospective experts to LinkedIn. First, she says that LinkedIn will be able to get a head start on investigating her experts before the deadline for expert witness disclosures. Second, she suggests that complying with the disclosure requirements LinkedIn proposes will "require significant time and effort," and she should not have to undertake this burden. Third, she claims that requiring her to disclose the categories of information the expert will review will reveal attorney work product. Fourth, she argues that if LinkedIn objects to her proposed expert, it will take time to resolve the dispute, subjecting her to "undue delay." Dkt. No. 47 at 3-4. LinkedIn responds that the disclosure requirements it proposes are included in this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order") and are "presumptively reasonable." It argues that the disclosure requirements are warranted here because it anticipates producing highly sensitive technical information, including information regarding the technical functionality of the Insight Tag. *Id.* at 4-6.

If LinkedIn produces information that meets the parties' agreed definition of "HC-AEO" material, *see* Dkt. No. 47-1 (sec. 2.8), then it is reasonable for LinkedIn to have an opportunity to evaluate whether disclosure of this material to an adverse expert creates an unacceptable risk to the confidentiality of the material. The requirements of Section 7.5(a) of the Model Order are indeed presumptively reasonable, and the Court disagrees that compliance with these requirements prejudices or unfairly burdens Ms. Jackson. *See In re Google Assistant Priv. Litig.,* No. 19-cv-04286-BLF (SVK), 2020 WL 4698810, at *2 (N.D. Cal. Aug. 13, 2020) (discussing relevant authority). However, LinkedIn must take care not over-designate material as HC-AEO when a lesser designation or no designation is warranted. Moreover, if Ms. Jackson wishes to know before retaining an expert which entities LinkedIn considers its competitors for purposes of the HC-AEO material it expects to disclose in discovery, the Court expects LinkedIn to provide this information to Ms. Jackson upon request.

Accordingly, the Court adopts LinkedIn's proposed text for Sections. 7.3 and 7.5(a). The Court orders the parties to file a proposed protective order for the Court's signature that conforms

with this order by **July 22, 2024**. That proposed protective order should be modified to reflect the Court's discovery dispute resolution procedures. *See, e.g., Entangled Media, LLC v. Dropbox, Inc.*, No. 5:23-cv-03264-PCP, Dkt. No. 97 (reflecting modifications to Sections 6.3, 7.5(c), and 14.4; *Apple Inc. v. Zipit Wireless, Inc.*, No. 5:20-cv-04448-EJD, Dkt. No. 62 (reflecting modifications to Sections 6.3, 7.5(c), and 14.4).[2]

**IT IS SO ORDERED.**

Dated: July 15, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] The Court observes that the parties' respective proposed protective orders both contain two sections numbered "9." *See* Dkt. No. 47-1 at 13, 15; Dkt. No. 47-2 at 13, 15.