Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

Attorneys for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JACQUELINE JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | **CASE NO. 5:24-cv-00812-PCP**<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING CAFA'S "HOME STATE" EXCEPTION**<br><br>Hon. P. Casey Pitts |

On January 3, 2025, this Court entered an Order granting Defendant LinkedIn Corporation's ("LinkedIn") motion to dismiss Plaintiff's claim under the Drivers' Privacy Protection Act ("DPPA"). *See* ECF No. 73. As a result, only Plaintiff's state law claim under the California Invasion of Privacy Act ("CIPA") remains pending.

In its Order, the Court examined whether to exercise supplemental jurisdiction over Plaintiff's remaining CIPA claim, weighing the values of judicial economy, convenience, fairness and comity. In this regard, the Court noted that the case remains at its early stages and "LinkedIn suggested a willingness to allow the discovery that has already taken place in this lawsuit to be used in any state court lawsuit Jackson might file following dismissal." *Id.* at 9, n. 6.

Ultimately, the Court expressed "serious concerns" that CAFAs "home state" exception precludes it from exercising CAFA jurisdiction over Jackson's CIPA claim. But finding that "the existing evidentiary record is inadequate for the Court to make a final determination as to whether [CAFA's] home state exception applies to Jackson's CIPA claim," the Court ordered the parties to file supplemental briefs addressing the issue. *Id*. at 10.

CAFA's "home state" exception provides that "a district court shall decline to exercise jurisdiction … over a class action in which … greater than two thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4). Plaintiff does not currently possess sufficient evidence to show that at least one-third of the members of the proposed class are citizens of states other than California. Accordingly, under the circumstances, Plaintiff does not oppose a dismissal of the case pursuant to 28 U.S.C. § 1367(a). Upon dismissal, Plaintiff will refile her case in state court.

///

///

///

///

Date: January 10, 2025

Respectfully submitted,

By: */s/ Roland S. Tellis*

Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd., Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Classes*